UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TAMMY LYNN ANDERSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 15-cv-01557-JAR |
|  | ) |  |
| ANDREW SAUL, | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

# MEMORANDUM AND ORDER

This matter is before the Court on a Motion for Attorney Fees filed by Plaintiff's counsel. (Doc. 33.) Counsel Howard D. Olinsky seeks $10,855.65 in fees pursuant to 42 U.S.C. § 406(b). (Doc. 34.)

In its prior order, the Court summarized the factual background of this case:

On September 26, 2012, Anderson protectively filed applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq. (Tr. 157-161), and for SSI benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, et seq. (Tr. 162-169), alleging disability due to arthritis, carpal tunnel syndrome, tendonitis, bipolar disorder, and neck, back, hip, knee, and hand pain (Tr. 188). Anderson initially alleged disability beginning September 15, 2002, but later amended her alleged disability onset date to May 11, 2012 (Tr. 157, 162, 183). (Doc. 16 at 1-2.) Later in that order, the Court found that the Appeals Council erred in refusing to consider a new and material report regarding Plaintiff's psychiatric or psychological impairments. (*Id*. at 12.) The Court then reversed the Commissioner's decision and remanded the case for reconsideration in light of the report. (*Id*.) Thereafter, the Court granted Plaintiff's counsel's request for $5,875.20[1] in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 21.)

The Social Security Administration ("SSA") denied Anderson's claims on December 21, 2012 (Tr. 61-85). Anderson filed a timely request for a hearing

---

[1] Counsel represents that the EAJA award was reduced to $970.33 due to Plaintiff's federal debt at the time it was paid. (Doc. 34 at ¶ 8.) Defendant confirms this. (Doc. 35 at 3.)

> before an administrative law judge ("ALJ") (Tr. 104-108). After a hearing held on March 20, 2014 (Tr. 45-60), the ALJ issued a written decision on May 21, 2014, upholding the denial of benefits (Tr. 22-44). Anderson requested review of the ALJ's decision by the Appeals Council (Tr. 16-18). On August 7, 2015, the Appeals Council denied her request for review (Tr. 1-7) . Thus, the decision of the ALJ stands as the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

(Doc. 26.)

On appeal, this Court found that there was not substantial evidence in the record to support the ALJ's decision, reversed, and remanded. (*Id.* at 17.) Plaintiff has since obtained a favorable judgment and is receiving benefits. (*See* Doc. 35.)

Counsel now moves for fees under 42 U.S.C. § 406(b). (Doc. 33.) Section 406(b) reads:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Defendant does not object to counsel's motion for awards under § 406(b). (Doc. 35.)

The Court therefore need only determine that counsel's requested award is reasonable in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Counsel may be awarded up to 25% but the Court has discretion to reduce counsel's recovery "based on the character of the representation and the results the representative achieved." *Id*. at 808. "Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms." *Id*. (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)).

The Court has independently reviewed the record and finds that the § 406(b) request is reasonable given the unique facts in this case. Plaintiff filed a contingency fee agreement with counsel for "twenty-five percent (25%) of my past-due benefits ('406(b) fees')." (Doc. 34-1.) Counsel states that 25% of Plaintiff's past-due benefits totals $16,855.65. (Doc. 34 at ¶ 6.)

2

Counsel further represents that Plaintiff's attorney at the administrative level "has been or will be paid $6,000.00 under 42 U.S.C. § 406(a)" and that therefore the remaining amount available is $10,855.65. (*Id.* at ¶ 7.) As noted, Defendant agrees that the amount is reasonable. (Doc. 35.) The Court will therefore grant counsel's motion for fees under 42 U.S.C. § 406(b).

Although Defendant does not object to counsel's motion for awards under § 406(b), he does assert that counsel may not "double-dip" by receiving fee awards under both the EAJA and § 406(b). (Doc. 35 at 3.) As such, Defendant asks the Court to order Mr. Olinksy to reimburse Plaintiff in the amount of the prior award. (*Id.*)

Defendant is correct that counsel must account for fees awarded under the EAJA. *Little v. Berryhill*, No. 2:14-CV-34 NAB, 2017 WL 4616908, at *2 (E.D. Mo. Oct. 16, 2017) ("[U]nder the EAJA, Plaintiff's counsel is obligated to reimburse Plaintiff the fees she was previously awarded under the EAJA.") Mr. Orlinski "is aware that the lesser of this award, [and] the fees awarded under the EAJA, are to be refunded to Plaintiff," as evidenced by his proposed order (*see* Doc. 33-1), and the Court "fully expects counsel to comply with this obligation," *Little*, 2017 WL 4616908, at *2. Nonetheless, the Court will direct counsel to file a notice with the Court certifying that the EAJA funds have been remitted to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Motion for Attorney Fees filed by Plaintiff's counsel (Doc. 33), is **GRANTED** in the amount of $10,855.65.

**IT IS FURTHER ORDERED** that Plaintiff's counsel **SHALL FILE** a notice with the Court certifying that the $970.33 EAJA award has been remitted to Plaintiff.

Dated this 6th day of April, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE